IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| VICTOR FOURSTAR, | |
| Plaintiff, | CV-25-41-GF-JTJ |
| v. | |
| UNITED STATES OF AMERICA, | ORDER |
| Defendant. | |

## I. INTRODUCTION

On May 25, 2025, Plaintiff Victor Fourstar (Fourstar) filed a Complaint against Defendant, United States of America (USA). (Doc. 1).  Fourstar's Complaint alleges that while he was incarcerated at the Fort Peck Adult Correctional Facility beginning in October of 2022, he was assaulted by other inmates. (Id., ¶¶ 6 and 7).  Fourstar alleges correctional officers failed to keep appropriate watch over Fourstar and other inmates while he was incarcerated, and as a result of this negligence, Fourstar suffered injuries. (Id., ¶ 8). Fourstar further alleges correctional officers negligently injured Fourstar while he was incarcerated, and as a result of this negligence, Fourstar suffered injuries. (Id., ¶ 9). USA has filed a motion for summary judgment and briefs in support contending the USA is entitled to summary judgment regarding Fourstar's claim that correctional officers

negligently injured him. (Doc. 20, 21and 25). Fourstar opposes the motion. (Doc. 23).  The Court heard oral argument on July 28, 2026.

## II. BACKGROUND

USA argues that Fourstar's claim that while he was incarcerated at the Fort Peck Adult Correctional Facility in the fall of 2022 and winter of 2023, a correctional officer used OC spray (pepper spray) on him, sound in battery and are barred under the intentional tort exception of the Federal Torts Claim Act (FTCA). (Doc. 21, p. 2).  Fourstar contends that USA's motion for summary judgment should be treated as motion for partial summary judgment as its arguments only relate to the use of OC spray by the correctional officer and does not concern the allegation that the correctional officers failed to protect him from the assault by other inmates. (Doc. 23, pp. 1-2).  Fourstar argues that USA's motion should nonetheless be denied because it treats its negligence claim as a battery only claim and overlooks whether written use-of-force policy prerequisites were satisfied and whether required post-exposure care occurred. (Id., p. 2)

## II. LEGAL STANDARDS

Fed. R. Civ. P. 56 (a) provides a party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of any genuine issue of

material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-52 (1986).

Once the moving party meets its initial burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but … must set forth 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*. at 324. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson* at 255.

## III. DISCUSSION

**A. USA is entitled to partial summary judgment regarding the correctional officer's use of OC spray on him.**

**1. Fourstar's alleged battery claim is barred under the intentional tort exception of the Federal Torts Claim Act (FTCA).**

Sovereign immunity shields the Government from lawsuits unless it has waived its immunity or consented to suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  Sovereign immunity is jurisdictional in nature. *Id.*  The FTCA waives sovereign immunity for claims against the Government arising from torts committed by federal employees, subject to specific exceptions. 28 U.S.C. § 2671, et. seq.  One such exception is for intentional torts committed by federal employees for which the Government has not waived and retains its sovereign immunity. 28 U.S.C. § 2680(h). The Fort Peck Correctional officers qualify as federal employees if they are acting in the course and scope of their employment and

performing functions under a contract authorized by the Indian Self-Determination and Education Assistance Act, commonly referred to as 638 contracts. 25 U.S.C. § 5321 (note). The Fort Peck correctional officers as federal tribal employees are subject to the same FTCA exceptions as other federal employees. *Buxton v. United States*, 2011 WL 4528337, *6-8 (D.S.D. Apr. 1, 2011).

Although the FTCA generally does not waive sovereign immunity for intentional torts committed by federal employees, an exception applies for certain intentional torts, including battery, committed by an "investigative or law enforcement officer".  28 U.S.C. § 2680(h).  An "investigative or law enforcement officer means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id*. This exception is known as the law enforcement proviso. The waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity.  *Millbrook v. United States*, 569 U.S. 50, 57 (2013).

During oral argument, Fourstar conceded that the law enforcement proviso exception does not apply to the Fort Peck correctional officers as they do not possess a Special Law Enforcement Commission (SLEC).  Therefore, the pepper spraying conduct of the Fort Peck correctional officer, which amounts to a battery, is subject to the intentional tort exception of the FTCA, for which the USA does not waive its sovereign immunity.

### 2. Fort Peck's correctional officers alleged failure to follow

**written use-of-force policy prerequisites arise out of the intentional battery.**

In order for Fourstar's negligence claim to proceed, there must be additional conduct independent of the pepper spraying act. *Sheridan v. United States*, 487 U. S. 392, 401-03 (1988). Fourstar contends policy violations by the Fort Peck correctional officer are sufficiently independent of the correctional officer's intentional pepper spraying conduct. *Id*. However, Fourstar's contentions regarding whether pepper spray should have been utilized under the circumstances, including whether the correctional officer had authority to do so, and whether it was employed at an appropriate distance, with appropriate ventilation and for appropriate duration, are all integrally related to the correctional officer's intentional pepper spraying conduct. These policies define the permissible scope of the intentional battery, but do not create a duty independent of the intentional battery conduct.

Four Star's attempt to utilize these policies as a basis of his negligence claim fails because the violations of the policies arise out of the intentional battery. *United States v. Shearer*, 473 U.S 52 (1985); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Snow-Erlin v. United States*, 470 F. 3d 804, 808 (9th Cir. 2006); and *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1123 (9th Cir. 2019). Accordingly, the alleged violations of these policies do not save Fourstar's complaint from being subject to the intentional tort exception.

### 3. Fourstar's post pepper spray medical care and treatment claim is barred under Fed. R. Civ. P. 37(c)(1)(c).

USA argues that Fourstar raised a new claim in response to its motion for summary judgment alleging that the Fort Peck correctional officer(s) failed to properly follow decontamination procedures. (Doc. 25, p. 6). USA contends this claim should be stricken as untimely due to Fourstar's failure to disclose this claim in discovery, in violation of Fed R. Civ. P. 37(c)(1)(c). (Id., pp. 6-7).

During oral argument, Fourstar admitted that this claim, which would constitute conduct independent of the pepper spraying act, was something first thought of in briefing. This claim was not mentioned in response to the USA's discovery request asking Fourstar to "describe in detail each and every act or omission on the part of any employee of the Fort Peck Adult Correctional Facility which you contend constitutes negligence as alleged in your complaint." (Id., p. 7 referencing Doc. 22-2 at 8-9). Accordingly, Fourstar's new allegation regarding post pepper spray medical care and treatment, raised for the first time in briefing, is barred by Fed R. Civ. P. 37(c)(1)(c).

## IV. CONCLUSION

For the reasons stated above, USA's Motion for Summary Judgment is partially **GRANTED**. USA is entitled to summary judgment regarding Fourstar's allegation that correctional officers negligently injured Fourstar by pepper spraying him. USA is not entitled to summary judgment regarding Fourstar's allegation that the correctional officers failed to protect him from assault by other inmates.

DATED this 3rd day of August 2026.

John Johnston
United States Magistrate Judge